[No. 32990. Department One. January 3, 1955.]

EDGAR O. GREEN, *as Guardian of the Estate of John Elmer Clark, an Incompetent, Respondent,* v. FRANK COOK *et al., Appellants.*[1]

*Russell H. Fluent,* for appellents.

*Max Kosher* and *James Tynan,* for respondent.

MALLERY, J.—On May 18, 1953, John Elmer Clark, a man eighty-eight years of age, was adjudicated to be incompe-

[1]Reported in 278 P. (2d) 402.

tent, in an *ex parte* proceeding. The plaintiff herein was appointed as his guardian and authorized to bring this action for rescission of an exchange of real estate made with defendants about sixty days previously on March 19, 1953.

The trial court found that, at the time of the exchange, Clark "was suffering from mental and physical deterioration, which made him incompetent and unable to know or comprehend the nature or the consequences of his act and deed."

The trial court found that the home Clark traded to Cook had a value of $12,500, and was subject to a first mortgage in the sum of $4,734 and a second mortgage in the sum of $300, giving it a net worth of $7,466; and that the house Cook traded to him was worth $3,500, subject to a mortgage in the approximate amount of $1,500, giving it a net worth of $2,000.

The trial court decreed a rescission of the exchange and allowed defendants eight hundred fifty dollars for betterments made to the Clark home while in their possession. From this decree the defendants appeal.

■ We are satisfied from the record that John Elmer Clark was incompetent at the time of the transaction in question, and we are satisfied that the record sustains the disparity in value of the two houses, as found by the trial court.

We can agree with appellants that old age is not a ground for rescission of a contract. However, the trial court based its decree upon Clark's incompetence, not his old age.

The gravamen of appellants' appeal, aside from challenging the trial court's findings of incompetence and the values of the houses, is that respondent failed to prove fraud. This contention involves Clark's desire for an old age pension. He was willing to do almost anything to secure one. The defendant Cook told him that he knew the governor, and that, if the exchange of properties was made, he would help Clark secure an old age pension and help him repair his house. It is appellants' position that these statements were not false and, hence, could not constitute clear and cogent proof of fraud.

 We think it is immaterial whether the statements were true or not, since they were made for the purpose of inducing an incompetent person to make an improvident exchange of properties having a great disparity in value. Equity will protect incompetent persons against such improvident transactions. *Hattie v. Potter,* 54 Wash. 170, 102 Pac. 1023; 3 American Law of Property 180, § 11.70.

The judgment is affirmed.

GRADY, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.